UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| ANTHONY D. HALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 6:07-CV-01100-MLB-DWB |
| | ) | |
| AMERICAN SECURITY INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## CONFIDENTIALITY AND PROTECTIVE ORDER

AND NOW, having reviewed the joint motion of the parties for a confidentiality and protective order, and it appearing to the Court that:

A.    The parties are engaged in discovery in this case which may involve the production of documents, the inspection of tangible things, the answering of interrogatories and requests to admit, and the taking of oral and/or written depositions;

B.    In the course of discovery, confidential and other sensitive business and commercial information, including proprietary and/or trade secrets, and other protected intellectual property may be produced by the parties or other persons or entities;

C.    Specifically, the confidential and other information referenced above may include information about Defendant's internal systems and processes (*e.g.*, those related to claims review, handling, and adjusting) or its contractor's systems and processes (*e.g.*, those related to claims review, handling, and adjusting), confidential and/or

proprietary internal policies and procedures (*e.g.*, manuals, handbooks, training and/or educational materials, algorithms), proprietary or commercially sensitive electronic or other systems and processes (*e.g.*, claims related software, quality control processes), and intellectual property, either owned outright or possessed under the terms of various licenses;

D.   The parties are interested in permitting discovery to proceed and in complying with the Scheduling Order;

E.   However, American Security is unwilling waive objections it might have as to discovery of certain confidential and other commercially sensitive information;

F.   In the event such information is produced, the parties desire that it be protected by a confidentiality and protective order;

G.   The parties have applied to the Court for a Confidentiality and Protective Order limiting the disclosure of confidential documents and/or information ultimately produced in this matter and have stipulated hereto;

H.   Federal Rule of Civil Procedure 26(c) provides for the issuance of a protective order limiting the disclosures and use of information and documents for good cause;

I.   Good cause exists for the issuance of a Confidentiality and Protective Order; and

J.   Specifically, good cause exists in that if the confidential information described in preceding paragraphs were known in the general community, that knowledge could lead to financial and other tangible

losses, including of competitive advantage, and, additionally, result in undue burden and expense.

**IT IS HEREBY ORDERED THAT:**

1.     The following definitions shall apply for purposes of this Agreed Protective Order;

  a.     The term "confidential Discovery Material" shall mean all information about Defendant's internal systems and processes (*e.g.*, those related to claims review, handling, and adjusting) or its contractor's systems and processes (*e.g.*, those related to claims review, handling, and adjusting), confidential and/or proprietary internal policies and procedures (*e.g.*, manuals, handbooks, training and/or educational materials, algorithms), proprietary or commercially sensitive electronic or other systems and processes (*e.g.*, claims related software, quality control processes), and intellectual property, either owned outright or possessed under the terms of various licenses.

  b.     The term "Person" shall mean any natural person and any corporation, partnership, association, or other entity.

  c.     The term "Party" shall mean the named Plaintiff and Defendant, and any other person who may become a named party to this matter.

2.     Except with the prior written consent of the Designating Person, or by order of the Court, Confidential Discovery Material may not be disclosed to any Person other than:

3

> a.   A party, including any officer, director, employee, agent, or representative of or attorney for a party;
>
> b.   Witnesses, including experts, being interviewed or deposed as necessary for the prosecution or defense of this matter;
>
> c.   The Judges presiding in this matter, the Judges' staff members, and such employees of the Court as directed by the Judge;

The individuals designated below are subject to the Protective Order:

> a.   Counsel of record for a party and their legal associates; paralegals and office staff;
>
> b.   Outside experts, consultants, advisors, and analysts retained or consulted for the purpose of assisting a party in the preparation and trial of this case;
>
> c.   Witnesses being interviewed or deposed.

3.   All Confidential Discovery Material shall be used and disclosed solely for purposes of the preparation and trial of this matter and shall not be used or disclosed for any other purposes, unless ordered by this Court, or another Court with jurisdiction, or any administrative agency with jurisdiction.

4.   Confidential Discovery Material may not be disclosed to any person until that person is shown a copy of this Protective Order and acknowledges in writing that he or she has read the Order, understands its terms and restrictions, and accepts that he or she is bound by those terms.

5.     Plaintiff shall maintain a current and up-to-date list of all persons to whom Confidential Discovery Material has been disclosed.  The list will identify each person by name, business and residence address, business and residential telephone number, and social security number.  Plaintiff shall provide to Defendant, upon request, this list. The list will identify the specific items disclosed by "bates," control, or other document number.  The list shall include as attachments the originals of every acknowledgment signed by every person to whom Confidential Discovery Material has been disclosed.

6.     Final resolution of this matter, including exhaustion of appellate remedies, shall not terminate the limitations on use and disclosure imposed by this Order.  Within 60 days of such final resolution, each party who received Confidential Discovery Material shall, at its option, either:

a.     Return all copies thereof, including any copies in the hands of outside experts or consultants, to the producing party, or;

b.     Furnish to the producing party a certificate signed by its attorneys stating that all such copies have been collected and destroyed.

7.     Nothing in this Order shall:

a.     Prevent any party from objecting to discovery that the party believes is improper for any reason;

b.     Preclude any party from seeking any further or additional protection for Confidential Discovery Material not provided in this Order; and

5

8.    Any notice to a party required by this Order may be given by notifying that party's counsel of record in this matter.   Any act by a party required by this Order may be performed by that party's counsel of record in this case.

9.    This court shall retain jurisdiction to enforce the terms of this Order. The parties agree that Defendant shall be entitled to enforce the terms of this Order by all appropriate or convenient means, including injunctive and legal relief.   The parties also agree that Defendant shall be entitled to its costs, expenses, and attorneys' fees incurred in enforcing this Order or in obtaining relief, of any kind, related to the breach or violation of its terms.

ORDERED this ____28th___ day of _____June_____, 2007.

s/  Donald W. Bostwick
_____
Donald W. Bostwick
United States Magistrate Judge

PREPARED & APPROVED BY:

s/ Eric I. Unrein
_____
James B. Biggs #14079
Eric I. Unrein, #16042
DAVIS, UNREIN, BIGGS & HEAD, L.L.P.
100 SE 9th Street, Third Floor
P.O. Box 3575
Topeka, Kansas  66601-3575
Phone:   (785) 354-1100
Fax:      (785) 354-1113
E-mail:   jbiggs@davisunrein.com
eric.unrein@davisunrein.com
Attorneys for Defendant

APPROVED BY:


s/ C. Scott Loftis
C. Scott Loftis, #21770
Boettcher, Martin, Jean & Jackson
116 N. 5th Street
P.O. Drawer 1588
Ponca City, KS 74602
Phone:  (580) 765-9967
Fax:  (580) 765-5433
E-mail:  sloftis@bmjj.com
Attorney for Plaintiff