# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**ANTHONY D. HALL,**

      **Plaintiff,**

**v.**                                            **Case No. 07-1100-MLB-DWB**

**AMERICAN SECURITY**
**INSURANCE COMPANY,**

      **Defendant.**

## ORDER APPOINTING UMPIRE

This is a case against an insurance company for recovery of damages resulting from a fire to Plaintiff's residence. Defendant's insurance policy contains a provision concerning appraisal which states as follows:

> **6.** **Appraisal**
>
> If you and we fail to agree on the amount of loss, an appraisal may take place. **However, an appraisal will take place only if both you and we agree, voluntarily, to have the loss appraised.** If so agreed, each party will choose a competent appraiser within 20 days after both parties agree. The two appraisers will choose an umpire. If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a court of record in the state where the "residence premises" is located. The appraisers will separately set the amount of loss. **If the appraisers submit a**

> **written report of an agreement to us, the amount agreed upon will be the amount of loss and will be binding.** If they fail to agree, they will submit their differences to the umpire. **A decision agreed to by any two will set the amount of loss and will be binding.**
>
> Each party will:
> a.   Pay its own appraiser; and
> b.   Bear the other expenses of the appraisal and umpire equally.

After this case was filed, the parties asked the Court to stay the scheduled deadlines pending appraisal proceedings to be conducted pursuant to the policy. (Doc. 18.) The parties' appointed appraisers did not reach an agreement concerning the value of the loss and did not reach an agreement about appointment of an umpire under the policy. At a status conference on May 13, 2008, the parties were directed to obtain supplemental reports from their appraisers to show any revisions that had been made since the initial appraisals were completed, and the Court indicated it would then appoint an umpire pursuant to the insurance policy. (Doc. 20.) Both parties have now filed their appraisal reports and supplemental reports. (Doc's 21, 22.)

The Court hereby appoints Mr. Philip L. Bowman, 1635 N. Waterfront Parkway, Suite 200, Wichita, Kansas  67206-6623, Fax. No. 316.265.9719, email address, pbowman@adamsjones.com, as the umpire in this case. The Court is forwarding to Mr.

Bowman copies of the parties' appraisals (Doc's 21, 22) along with a copy of this Order of Appointment.

If, in performing his duties as umpire, Mr. Bowman wishes to inspect the subject premises, the parties are hereby directed to cooperate with him concerning such an inspection. Mr. Bowman is to deliver his written decision as to the amount of loss agreed to pursuant to the above provisions of the insurance policy to counsel for the parties, and to file in this court a certificate of service showing that the written decision has been transmitted to the parties. Mr. Bowman shall also submit to counsel for the parties his statement for services as umpire, which expenses are to be shared equally by the parties pursuant to the provisions of the insurance policy. The parties are to remit payment to Mr. Bowman within thirty (30) days of the submission of his statement.

Within thirty (30) days of Mr. Bowman's decision, Defendant shall submit payment to Plaintiff in the amount stated in the decision, and shall file a certificate with this Court that the required payment has been made. Defendant shall then submit a proposed order dismissing this case with prejudice.

IT IS SO ORDERED.

Dated this 14th day of July, 2008, at Wichita, Kansas.

                                      s/   DONALD W. BOSTWICK
                                      Donald W. Bostwick
                                      U.S. Magistrate Judge